## JOHN G. BRAWNER v. JAMES BOTTON.

**Quieting Title—Vendor and Purchaser—Accountable for Rents.**

If improvements are made by a party in possession of lands, under the belief that he was the owner, by reason of a valid, legal or equitable claim, the foundation of which was of public record, he is entitled, on eviction, to his improvements, measured by the increase in the vendible value of the land, when recovered, arising from the improvements; but in no event to exceed the consequent enhancement of the value, beyond the rent, waste and deterioration.

**Same.**

An exhibition of a claimant, of a deed, never recorded, and the consideration not appearing to have been paid, does not invest him with title nor to impress the belief to that effect, does not entitle him to claim improvements, under the statute.

**APPEAL FROM M'LEAN CIRCUIT COURT.**

**December 7, 1870.**

OPINION OF THE COURT BY JUDGE HARDIN:

A writ of possession in favor of Joseph Burnett having been awarded by the McLean circuit court to put him in possession of a tract of about 108 acres of land, purchased by him at a decretal sale in a judicial proceeding to which the appellants, John G. Brawner and others, appear to have been parties, the appellee, James Botton, the tenant in possession and claiming the land under a conveyance purporting to have been made to him by W. W. Brawner, as commissioner, in another suit in the same court in 1860, brought this suit in equity for enjoining the execution of said writ, or, failing in that object, to have an account of his improvements, made on the land, taken and set off against his liability for rents, and to recover a balance which he claimed as due him on that basis, in the event of eviction, and to have a lien on the land adjudged in his favor and enforced for its payment.

The appelants controverted his claim to the relief sought in either aspect, and in the progress of the cause, the injunction was dissolved. Afterwards, upon a report of a commissioner, and proof taken by him as to improvements and rents, the court adopting the commissioner's estimate of the improvements at $950, and rents at $780, inaccurately assumed that a balance of $150 was due to the plaintiff on this basis for which there was a lien on the land, and directed that so much of the land be sold as necessary for its payment, together with the plaintiff's costs; and from that judgment the defendants have appealed, and the appellee has prayed a cross-appeal.

The record of the suit in which the writ of habere facias was awarded does not appear to have been exhibited, but as the petition admitted the judgment for possession, and the plaintiff, though exhibiting the unrecorded deed of W. W. Brawner, and an apparently imperfect transcript of a suit in which he attempted to convey the land, but without legal authority to do so, failed to show any valid title in himself through the conveyance or otherwise, the injunction was properly dissolved. We are also of opinion that there is no available ground for reversing the final judgment on the cross-appeal. But on the contrary, the court erred to the prejudice of the appellants. If the improvements were made by the appellee under the belief that he was the owner of the land by reason of a valid, legal, or equitable claim, the foundation of which was of

public record, he was entitled to compensation for the value of his improvements upon the land at the time of his eviction, according to section 1 of the first article of chapter 70 of the Revised Statutes. But in such a case the value of the improvements should not have been estimated according to their original cost, but should have been measured by the increase in the vendible value of the land, when recovered, arising from the improvements (Thomas vs. Thomas' Exor., 16 B. Monroe 420) ; and in no event should the liability of the appellants to account for the improvements have exceeded the consequent enhancement of the value of the land beyond the liability of the appellee to account for rents, waste and deterioration of the land. According to the weight of the evidence, the improvements, if estimated on this basis, added nothing to the vendible value of the lands, which, in the opinion of several of the witnesses, would have sold for as much in the condition it was in when the appellee took possession, as in that in which he left it, except that its value may have increased in consequence of the general rise in the value of land. If this be so, it is not material to inquire whether the claim of the appellee was such as to exempt from accountability to the appellants for rents, before the assertion of their claim; nor whether the character of his claim and its foundation were such as to entitle him to the benefit of the statute referred to. But it may be observed, that as it is manifest from the meager exhibition made by the appellee himself of the proceedings of the suit under which W. W. Brawner attempted to sell and convey the land, that his deed which was never recorded, and the consideration of which does not appear to have been paid, neither invested the appellee with the title, nor was such as reasonably to impress him with the belief that it could have that effect, he was not entitled to the benefit of the provisions of the statute.

It results that the appellee was not entitled to the relief sought by his petition in either aspect of the case.

The judgment in his favor is, therefore, reversed, and the cause remanded with instructions to dismiss the petition.

*Owen & Gates, for appellants.*
*Tanner, for appellee.*